In re  Kristopher Lee Withers  
     Ann Marie Withers                                                  Case No. _____

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

In re:                                          )  
                                            )  
Kristopher Lee Withers and,                )  
Ann Marie Withers,                        )      Case No. _____ -13  
Debtor(s)                               )

## CHAPTER 13 PLAN
Original __X__ Amendment No. \_\_\_\_

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan set out below must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed before the deadline stated on the separate Notice you should have received from the Bankruptcy Court. If you have a secured claim, this plan may void or modify your lien if you do not object to the plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to receive distribution under a confirmed plan and to receive pre-confirmation adequate protection payments.

**1. SUBMISSION OF INCOME.** Debtor submits to the supervision and control of the Chapter 13 Trustee (Trustee) all or such portion of future earnings or other future income of debtor as is necessary for the execution of this plan.

**2. PAYMENT AND LENGTH OF PLAN.** (a) Debtor shall pay $ 755.00 per  month  to the Chapter 13 Trustee, starting not later than 30 days after the order for relief, for approximately ___48___ months, for a total amount of $36,240.00.

(b) Additional payments to Trustee:

_____

(c) All of the above-proposed payments shall be paid to the Trustee. The debtor shall not reduce the payments to the Trustee (notwithstanding Section 1326(a)(1)(C)) without further order of the Court.

**3. PRIORITY CLAIMS (LIMITED HERE TO ADMINISTRATIVE EXPENSES AND SUPPORT).**
All allowed priority claims will be paid in full by the Trustee unless creditor agrees otherwise:

| Creditor | Type of Priority | Scheduled Amount |
|---|---|---|
| Bankruptcy Law Office of Mark S. Zuckerberg | Administration | $2,324.00 |
|  |  |  |
|  |  |  |

Debtor is required to pay all post-petition domestic support obligations (DSO) directly to the holder of the claim in order for this plan to be confirmed and for debtor to receive a discharge from the Court upon completion of plan payments herein.

**4. REAL ESTATE, CURING DEFAULTS AND MAINTAINING PAYMENTS.** Regular monthly payments, for cases filed in the *Indianapolis* and *Terre Haute* Divisions, shall be paid directly to the creditor. In cases filed in the *Evansville* and *New Albany* Divisions, payments shall be made through the Trustee if the plan treats a pre-petition default. Otherwise, payments shall be made directly to the creditor. Note that where there are arrearages, all post-petition payments are to be made on the first due date after the month in which the petition is filed:

| Creditor | Description of Collateral | Estimated Arrears | Interest Rate (If Any) |
|---|---|---|---|
| Wells Fargo Home Mortgage | Mortgage Arrears | $13,525.21 | 0% |
|  |  |  |  |

Note: The debtor proposes to pay the exact pre-petition arrears set forth by the creditor in its allowed proof of claim, unless expressly objected to by the debtor by means of a filed claim objection.

*5. SECURED CLAIMS, VALUATION OF COLLATERAL AND VOID LIENS UNDER 11 U.S.C.§506.*
(a) **Secured Claims To Which Section 506 Valuation Is Not Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle acquired for the personal use of the debtor within 910 days of filing the bankruptcy petition or, if the collateral for the debt is any other thing of value, the debt was incurred within one (1) year of filing. The Trustee will pay to the holder of each allowed secured claim equal monthly payments amount in column (f) based upon the amount of the claim in column (d)* with interest at the rate stated in column (e), and as reduced by adequate protection payments paid herein. Payments to commence as set forth below. Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Any monthly adequate protection payment offer shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted; the Trustee shall disburse such payments to the secured creditor as soon as practicable after receiving them from the debtor. All adequate protection disbursements shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

*The column (f) EMA may be adjusted by the Trustee, if necessary, to appropriately amortize the claim.

| (a) Creditor | (b) Collateral | (c) Purchase Date | (d) Claim Amount | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount (1% of Column (d) |
|---|---|---|---|---|---|---|
| American General | 1988 Chevrolet 1500 | | $3,511.50 | 7% | | $35 |
| CNAC | 2000 Pontiac Grand Prix | | $8,778.01 | 7% | | $88 |

Additional plan offer, if any, as relates to above claim(s):
_____
_____

(b) **Claims to Which Section 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in plan paragraph 5(a). The Trustee will pay to the holder of each allowed secured claim equal monthly payments based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, but as reduced by adequate protection payments paid herein, with interest at the rate stated in column (e). Payments to commence as set forth below. The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds. Any monthly adequate protection payment offer shall be based upon 1% of the proposed allowed secured claim, although that presumption may be rebutted. The Trustee shall disburse such payments to the secured creditor as soon as practicable after receiving them from the debtor. All adequate protection disbursements shall be subject to the Trustee's percentage fee as set by the United States Trustee. No adequate protection payments will be made by the debtor directly to the creditor.

The column (f) EMA may be adjusted by the Trustee, if necessary, to appropriately amortize the claim.

| (a) Creditor | (b) Collateral | (c) Scheduled Debt | (d) Value | (e) Interest Rate | (f) Equal Monthly Amount | (g) Adequate Protection Amount (1% of Column (d) |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |

**(c) Debtor surrenders or abandons the following collateral.** Upon confirmation, the stay is lifted as to surrendered or abandoned collateral:

| Creditor | Collateral to be Surrendered or Abandoned |
|---|---|
| United Consumer Financial | Kirby Sweeper |
| | |

**6. UNSECURED CLAIMS.**

\_\_\_ Pro rata distribution from any remaining funds; or

\_\_\_ Other: _____

**7. SEPARATELY CLASSIFIED UNSECURED CLAIMS.**

| Creditor | Basis for Classification | Treatment | Amount | Interest Rate (If Any) |
|---|---|---|---|---|
| Nissan Motor Acceptance | Co-Signed by Grandfather | Pay in full through plan. | $2,919.71 | 0% |
| | | | | |

**8. CURING DEFAULTS AND MAINTAINING PAYMENTS OTHER THAN REAL ESTATE.** Trustee shall pay allowed claim for arrearage and debtor shall pay regular post-petition contract payment directly to the creditor:

| Creditor | Collateral/Type of Debt | Estimated Arrears | Interest Rate (If Any) |
|---|---|---|---|
| | | | |
| | | | |

The debtor proposes to pay the exact pre-petition arrears set forth herein.

**9. SECURED TAX CLAIMS AND SECT. 507 PRIORITY CLAIMS, EXCLUSIVE OF DOMESTIC SUPPORT OBLIGATIONS.** All allowed priority claims shall be paid in full by the Trustee, exclusive of interest, unless the creditor agrees otherwise. All allowed secured tax obligations shall be paid in full by the Trustee, inclusive of statutory interest thereon **(whether or not an interest factor is expressly offered by plan terms):**

| Creditor | Type of Priority or Secured Claim | Scheduled Debt |
|---|---|---|
| | | |
| | | |

**10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** All executory contracts and un-expired leases are *REJECTED*, except the following, which are assumed:

| Creditor | Property Description | Treatment |
|---|---|---|
| | | |
| | | |

**11. AVOIDANCE OF LIENS.** Debtor will file a separate motion or adversary proceeding to avoid the following non-purchase money security interests, judicial liens, wholly unsecured mortgages or other liens that impair exemptions.

| Creditor | Collateral/Property Description | Amount of Lien to be Avoided |
|---|---|---|
| | | |
| | | |

**12. LIEN RETENTION.** With respect to each allowed secured claim provided for by the plan, the holder of such claim shall retain its lien securing such claim until the earlier of a) the payment of the underlying debt determined under non-bankruptcy law or b) discharge order being entered under Sect. 1328.

**13. VESTING OF PROPERTY OF THE ESTATE.** Property of the estate shall revest in debtor upon confirmation of the debtor's plan, subject to the rights of the Trustee, if any, to assert claim to any additional property of the estate acquired by debtor post-petition pursuant to operation of 11 U.S.C. 1306.

**14. PAYMENT NOTICES.** Creditors in Section 4 (whose rights are not being modified) and in Section 8 or Section 10 (whose executory contracts/unexpired leases are being accepted) may continue to mail customary notices or coupons to the debtor or Trustee notwithstanding the automatic stay.

**15. MISCELLANEOUS PROVISIONS..**

| |
|---|
| |
| |

Date:   5/1/2006            /s/Kristopher Lee Withers
                            Debtor
Date:   5/1/2006            /s/Ann Marie Withers
                            Debtor
Date:   5/1/2006            /s/Richard S. Mossler 16816-49
                            Debtor's Attorney

**BAE SYSTEMS**
**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

# CERTIFICATE OF SERVICE

```
District/off: 0756-1          User: cperusso              Page 1 of 1                Date Rcvd: May 09, 2006
Case: 06-02227                Form ID: pdfPlan            Total Served: 14

The following entities were served by first class mail on May 11, 2006.
 db          +Kristopher Lee Withers,   4666 Breckenridge Drive,   Columbus, IN 47203-4712
 jdb         +Ann Marie Withers,   4666 Breckenridge Drive,   Columbus, IN 47203-4712
 7068966     +Alliance One,   c/o Columbus Regional Hospital,   P.O. Box 3030,   Anderson, IN 46018-3030
 7068969     +CNAC,   d/b/a JD Byrider - Bloomington,   2425 W. 3rd Street,   Bloomington, IN 47404-5222
 7068970     +Columbus Family Dental Center,   901 Third Street,   Columbus, IN 47201-6816
 7068971     +Columbus Regional Hospital,   POB 2129,   Columbus, IN 47202-2129
 7068972     +Johnson Memorial,   1125 W. Jefferson Street,   P.O. Box 669,   Franklin, IN 46131-0669
 7068973      Nissan Motor Acceptance Corp.,   PO Box 660366,   Dallas, TX 75266-0366
 7068974     +Preferred Platinum Plan,   7657 Winnetka Ave.,   Winnetka, CA 91306-2677
 7068975      SBC,   P.O. Box 660011,   Dallas, TX 75266-0011
 7068976      Senex Services Corp.,   c/o Johnson Memorial Hospital,   1574 Momentum Place,
               Chicago, IL 60689-5315
 7068977     +Target National Bank,   c/o NCB Mgt. Services,   P.O. Box 1099,   Langhorne, PA 19047-6099
 7068978      United Consumer Financial Services,   PO Box 856290,   Louisville, KY 40285-6290
 7068979     +Wells Fargo Bank N.A.,   C/O Unterberg & Associates, P.C.,   8050 Cleveland Place,
               Merrillville, IN 46410-5302
The following entities were served by electronic transmission.
 NONE.                                                                                         TOTAL: 0

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
 7068967      American General Finance
 7068968      Bobby Withers
                                                                                               TOTALS: 2, * 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.

First Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: May 11, 2006**            Signature:   *Joseph Speetjens*